United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41416
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FIDEL PAREDES-CHAVEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-476-ALL
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Fidel Paredes-Chavez (Paredes) appeals from his sentence imposed pursuant to his guilty plea to illegal reentry after deportation. Paredes contends that his sentence is unconstitutional under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), because he was sentenced pursuant to the mandatory Sentencing Guidelines regime.

The district court stated, however, that if the Guidelines had not applied, the court would have imposed the same sentence that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Paredes received.  Therefore, the Government has carried its burden of establishing that the sentencing error in Paredes's case was harmless beyond a reasonable doubt.  See  United States v. Garza, 429 F.3d 165, 170 (5th Cir. 2005); United States v. Walters, 418 F.3d 461, 464-66 (5th Cir. 2005).

Paredes also challenges the constitutionality of 8 U.S.C. § 1326(b).  His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Paredes contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Paredes properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.